CR 23-088-02(CJN)



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

**FILED**

APR 19 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

*Patrick Henry Building*
*601 D St., N.W.*
*Washington, D.C. 20530*

March 16, 2023

Christopher Man
Cari Stinebower
Winston & Strawn LLP
1901 L St., N.W.
Washington, D.C. 20036

Re:     *United States v. Suez Rajan Limited*

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Suez Rajan Limited (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia and the National Security Division of the United States Department of Justice ("NSD") (collectively, "the Government" or "these Offices"). If your client accepts the terms and conditions of this offer, an authorized representative of your client and you should execute this document in the spaces provided below.

Please include a notarized copy of the resolution of the Board of Directors of your client which states that your client has authorized this plea agreement and has empowered you as its outside counsel to act on its behalf for purposes of this plea.

Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). This plea offer expires on March 30, 2023.

This is a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the plea offer are as follows:

1.     **Charges and Statutory Penalties**

Your client agrees to waive indictment and enter a plea of guilty to a criminal Information, a copy of which is attached, charging your client with conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, *et seq.* Your client agrees that the Information will be filed in the United States District Court for the District of Columbia.

Your client understands that a violation of the IEEPA, 50 U.S.C. § 1701, *et seq*., carries a maximum fine of $1,000,000, or a fine of twice the gross gain or gross loss, whichever is greater, pursuant to 18 U.S.C. § 3571(d). Your client may also be subject to a term of corporate probation of not less than one year and not more than five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663. Fines imposed by the Court may have an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $400 per felony conviction to the Clerk of the United States District Court for the District of Columbia pursuant to 18 U.S.C. § 3013(a)(2)(B). Your client also understands that, pursuant to 18 U.S.C. § 3572, the Court may also impose a fine that is sufficient to pay the federal government the costs of any period of probation.

The Government and your client agree to request waiver of a presentence report and an expedited sentencing from the Court in accordance with this Agreement and agree to advise the Court that the parties are supplying sufficient information for the Court to exercise its sentencing authority under 18 U.S.C. § 3553, such that no presentence report is necessary in accordance with Federal Rule of Criminal Procedure 32(c)(1)(A)(ii).

2.   **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offense charged in the Information. Your client agrees to accept the Statement of Offense attached hereto as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court. This Agreement is contingent on your client's acceptance of the Statement of Offense.

3.   **Additional Charges**

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by these Offices for the conduct set forth in the attached Statement of Offense.

The parties to this Agreement are your client and these Offices. This Agreement does not provide protections to individuals and entities other than your client: nothing in this Agreement provides any protection against prosecution of any present or former director, officer, employee, shareholder, agent, consultant, reference, contractor, or subcontractor of your client for any violations. Moreover, this Agreement does not bind any other branch of the Department of Justice or any other federal, state, or local prosecuting, administrative, or regulatory authority.

4.      **Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

As you are aware, concurrently with the execution of this plea agreement, Empire Navigation Inc. ("Empire") is entering into a Deferred Prosecution Agreement ("DPA") relating to its culpability for the same conduct as described in the Statement of Offense in which it has assumed the obligation to be jointly and severally liable for any fine assessed in this matter. Further, as part of that DPA, Empire is agreeing to a Framework Agreement, which provides detailed terms and conditions of the transportation of certain contraband crude oil to the United States under direction of the United States in exchange for receiving an offset of the fine assessed in this matter.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the Government agree that a $2,457,467.90 criminal fine and a period of three years of corporate probation with terms discussed in the exhibit to this Agreement and which mirror the terms of Empire's DPA to run concurrently with the term of that DPA is the appropriate sentence for the offense to which your client is pleading guilty and should be imposed by the Court in connection with your client's guilty plea to the Information, taking into account the inapplicability of the Sentencing Guidelines, the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to other criminal conduct, as well as for the sentence imposed to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). Your client and the Government agree that this is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. §§ 3553(a) and 3572. Your client acknowledges that no tax deductions may be sought in connection with the payment of the criminal fine.

Except as may otherwise be agreed by the parties hereto in connection with a particular transaction, your client agrees that if at any time while it has obligations under this Agreement your client sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale is structured as a stock or asset sale, merger, or transfer, your client shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto to the guarantees and obligations described in this Agreement.

A.      **Acceptance of Agreement by the Court**

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to a fine of $2,457,467.90 and three years of corporate probation with terms discussed in the Exhibit and which mirror the terms of Empire's DPA to run concurrently with the term of that DPA. Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

**B.      Rejection of this Agreement by the Court**

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges before your client enters any guilty plea in this case.

If the Court rejects this Agreement, your client elects to maintain this plea, and the Government does not exercise its right to withdraw from this Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a). Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

5.      **Sentencing Guidelines Analysis**

In accordance with Paragraph 4 above, your client understands that, but for the above described agreed sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the United States Sentencing Commission, *Guidelines Manual* (2021) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G.") and policies promulgated by the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree that your client's sentence is not governed by the Sentencing Guidelines because the fine provisions of Chapter 8 of the Sentencing Guidelines do not apply to violations of the IEEPA committed by business organizations. Pursuant to Appendix A of the Sentencing Guidelines, violations of 50 U.S.C. § 1705 are governed by Section 2M5.1. Section 8C2.1 provides that the fine provisions outlined in Section 8C2.2 through 8C2.9 apply only to violations of enumerated offenses, which do not include Section 2M5.1.

In the absence of an applicable Sentencing Guideline, the provision for an alternative fine based on gain or loss in 18 U.S.C. § 3571(d) and forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) apply to the IEEPA violation. The alternative fine provision provides in full as follows: "If any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process." 18 U.S.C. § 3571(d). Your client and the Government agree that for the offense at issue in this plea, "twice the gross gain" is $2,457,467.90.

Furthermore, any property that is derived from proceeds traceable to a violation of the IEEPA is criminally forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) incorporated through 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), upon conviction of 50 U.S.C. § 1705, any property traceable to such a violation is forfeitable to the United States. If any of the traceable property cannot be located, has been transferred or sold to, or deposited with a third party, placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

6.   **Court Not Bound by this Agreement or the Sentencing Guidelines (applicable only when Rule 11(c)(1)(C) plea is rejected)**

In accordance with Paragraph 4 above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that the fine and forfeiture described in Paragraph 4 would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court not follow the Government's sentencing recommendation.

7.   **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to

inform the presentence report writer (should the Court order a presentence report) and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the analysis herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from what is calculated herein.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8.  **Waivers**

    A.  **Venue**

Your client waives any challenge to venue in the District of Columbia.

    B.  **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

    C.  **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive,

among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it, except that your client does not waive these rights under the rules if the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

D.     **Appeal Rights**

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute. Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any fine, forfeiture, award of restitution, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on

the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.    Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.

### 9.    Use of Self-Incriminating Information

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

### 10.    Restitution

The parties agree that no restitution is owed in this case.

### 11.    Forfeiture

Your client agrees that the facts set forth in the Statement of Offense and admitted by your client establish that your client received proceeds traceable to the conduct described in the Statement of Offense. Your client consents to the entry of a Consent Order of Forfeiture and agrees that it shall be final as to your client at the time of sentencing and become part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which it is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. *See* 18 U.S.C. § 981(a)(1)(C), (G); 21 U.S.C. § 853(p); 28 U.S.C. § 2461. The Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture your client has consented to in this Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

If the Government chooses to effect the forfeiture provisions of this Agreement through the civil forfeiture process, your client disclaims all ownership interest in the contraband cargo aboard the Suez Rajan, and agrees not to file a claim to the cargo. Your client also agrees to assist and cooperate with the United States in responding to any third-party claims.

Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

12.    **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

13.    **Public Statements by Company**

Your client expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents, or any other person authorized to speak for your client make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by your client set forth above or the facts described in the attached Statement of Facts. Any such

contradictory statement shall, subject to cure rights described below, constitute a breach of this Agreement, and your client thereafter shall be subject to prosecution as set forth in this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Statement of Facts will be imputed to your client for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the Offices. If the Offices determine that a public statement by any such person contradicts in whole or in part a statement contained in the Statement of Facts, the Offices shall so notify your client, and your client may avoid a breach of this Agreement by publicly repudiating such statement(s) within five business days after notification. Your client shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Facts provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Facts. This Paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of your client in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of your client.

Your client agrees that if it or any of its direct or indirect subsidiaries issues a press release or holds any press conference in connection with this Agreement, your client shall first consult with the Offices to determine (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the Offices and your client; and (b) whether the Offices have any objection to the release. Statements by your client, or its direct or indirect subsidiaries, at any press conference concerning this matter shall not be inconsistent with such a press release.

The Offices agree, if requested to do so, to bring to the attention of law enforcement and regulatory authorities the facts and circumstances relating to the nature of the conduct underlying this Agreement, including the nature and quality of your client's cooperation and remediation. By agreeing to provide this information to such authorities, the Offices are not agreeing to advocate on behalf of your client, but rather are agreeing to provide facts to be evaluated independently by such authorities.

14.   **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia and the National Security Division of the United States Department of Justice. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than March 30, 2023.

Sincerely yours,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:

Stuart D. Allen
Rajbir Datta
Assistant United States Attorneys

MATTHEW G. OLSEN
ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION

By:

Benjamin J. Hawk
Deputy Chief
Counterintelligence and Export Control Section

DEFENDANT'S ACCEPTANCE

I am authorized to act on behalf of Suez Rajan Limited in this matter.

As the authorized representative for Suez Rajan Limited, I have read every page of this Agreement and have discussed it with the attorney for Suez Rajan Limited, Christopher Man. I fully understand this Agreement and agree to it on behalf of Suez Rajan Limited without reservation. I do this voluntarily and of my own free will, intending for Suez Rajan Limited to be legally bound. No threats have been made to me or to Suez Rajan Limited, nor am I under the influence of anything that could impede my ability to understand this Agreement fully. Suez Rajan Limited is pleading guilty because it is in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with Suez Rajan Limited to plead guilty except those set forth in this Agreement. Suez Rajan Limited and I are satisfied with the legal services provided by Suez Rajan Limited's attorney in connection with this Agreement and matters related to it.

Date: March 17 2023

_____
Apostolos Tourkantonis on behalf of Suez Rajan Limited
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement and have reviewed this Agreement with my client, Suez Rajan Limited, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur with my client's desire to plead guilty as set forth in this Agreement.

Date: March 17, 2023

_____
Christopher Man
Attorney for Defendant